IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-178-FDW
(3:03-cr-70-FDW-DSC-11)

| | |
|---|---|
| FELIPE JESUS MADRIGAL, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on a review of Petitioner's "Motion for Relief from Federal Custody." (3:13-cv-178, Doc. No. 1).

On January 7, 2010, Petitioner was convicted of one count of conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 846 & 841(a). Petitioner was sentenced to seventy (70) months imprisonment with such term to run concurrently to his sentence imposed in the Middle District of North Carolina in Case No. 1:08-cr-00180-NCT-1. (3:03-cr-70, Doc. No. 465: Judgment in a Criminal Case).

On or about February 28, 2013, Petitioner filed the present motion contending that prison officials had incorrectly calculated his release date as occurring on September 24, 2013. (3:13-cv-178, Doc. No. 1 ¶ 3). According to his motion, Petitioner is incarcerated in a facility in McCrae, Georgia which is run by the Corrections Corporation of America ("CCA McRae"). Petitioner states that he pursued his administrative remedies to challenge CCA's calculation to the Bureau of Prisons ("BOP") in Washington and was informed that he would be released on February 7, 2013. (Id. ¶ 4). Based on the BOP's assertion, Petitioner awaited his release from his

1

place of incarceration at McCrae, and his eventual deportation. However, Petitioner contends that the officials at CCA McCrae acted "in defiance of the order given by BOP [and] asserted that the computation" of his release date as found by the BOP was in error. (Id. ¶ 5). Plaintiff maintains that "[t]his has gone far enough, BOP correctly calculated and interpreted this Court's order [Doc. No. 465: Judgment]" and the CCA's new release date of June 26, 2013 is erroneous. In his claim for relief, Petitioner seeks vindication of his constitutional rights and prays this Court "for an order of CREDIT FOR TIME SERVED or in the alternative for an order requiring the CCA to follow this" Court's Judgment and Commitment. (Id. at 2).

As Petitioner notes, he is confined on his federal conviction in a detention facility in McRae, Georgia, which is in Telfair County, and within the South District of Georgia. The Court finds that Petitioner's present motion for release is properly considered under 28 U.S.C. § 2241.[1] The Court concludes that as Petitioner is challenging his present confinement, this Court is without jurisdiction to entertain such a petition under Section 2241, because § 2241 motions must be filed in the district where the petitioner is confined. See Rumsfeld v. Padilla, 542 U.S. 426 (2004) (finding that a claim challenging present physical confinement must be filed in the district of confinement); United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). See also 28 U.S.C. § 2241(a) (providing that a writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions) (emphasis added).

Based on the foregoing, the Court will dismiss Petitioner's Section 2241 motion without

---

[1] The Court notes that Petitioner presented an unsuccessful challenge to his criminal judgment in this district through a motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. On January 22, 2013, this Court entered an Order denying and dismissing his Section 2255 after finding that his claims were without merit. See (3:11-cv-382-FDW, Doc. 12).

prejudice to his ability to file a similar motion in the Southern District of Georgia, his present place of confinement.

**IT IS, THEREFORE, ORDERED** that Petitioner's "Motion for Release from Custody" is **DISMISSED** without prejudice. (Doc. No. 1).

Signed: March 20, 2013

Frank D. Whitney
United States District Judge